| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>SCURA, WIGFIELD, HEYER, STEVENS &<br>CAMMAROTA, LLP<br>GUILLERMO J. GONZALEZ, ESQ (076102014)<br>1599 HAMBURG TURNPIKE<br>WAYNE, NJ 07470<br>Attorneys for Defendants | Order Filed on November 6,<br>2017 by Clerk, U.S. Bankruptcy<br>Court - District of New Jersey |
| In Re:<br><br>JOHN DELGADO, AND KATHY A. DELGADO<br><br>     Debtors. | Chapter 13<br><br>Case No.: 14-31677 (SLM) |
| JOHN DELGADO, AND KATHY A. DELGADO<br><br>     Plaintiffs.<br>  v.<br><br>RUSSELL KELLEY, AND KAREN KELLEY<br><br>     Defendants. | Adv. No.: 16-01051(SLM) |
| RUSSELL KELLEY, AND KAREN KELLEY<br>     Third Party Plaintiff.<br>  v.<br><br>SPECIAL TREATS, LLC, JOHN DOES 1-100, AND<br>ABC CORP. 1-100<br><br>     Third Party Defendants. | |

DATED: November 6, 2017

CONSENT ORDER: (1) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY; (2) AND AUTHORIZING THE RECORDING OF A JUDGMENT LIEN ON REAL PROPERTY LOCATED AT 84 JOHN STREET, SADDLE BROOK, NEW JERSEY 07663

_/s/ Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

The relief set forth on the following pages, numbered two (2) through (4), is hereby ORDERED.

WHEREAS THIS MATTER having been brought before the Court by Russell and Karen Kelley (the "Defendant"), by and through their attorneys Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, and John and Kathy Delgado (the "Plaintiff" or the "Debtors"), by and through their attorney Zazella & Singer, which seeks the recording of a consensual lien on the Plaintiff/Debtors' real property located at 84 John Street, Saddle Brook, New Jersey 07663 (the "Property");

WHEREAS on October 24, 2014 ( the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq* (the '"Bankruptcy Code");

WHEREAS on January 22, 2016, Plaintiff filed an Adversary Proceeding seeking a declaratory judgment determining whether monies advanced by Defendant to Plaintiff and Third-Party Defendant Special Treats, LLC was for a loan or an investment. See Adv. Case. No. 16-01051.

WHEREAS on June 7, 2016, the Defendant filed an Amended Answer, Counterclaim, and Third-Party Complaint. See Adv. Case. No. 16-01051, Doc. No. 9;

WHEREAS on July 7, 2016, the Plaintiff and Third-Party Defendant Special Treats LLC filed an Answer to the Defendant's Counterclaim and Third-Party Complaint. See Adv. Case. No. 16-01051, Doc. No. 17;

WHEREAS the parties entered Mediation pursuant to a Mediation Order entered on June 24, 2016. See Adv. Case. No. 16-01051, Doc. No. 14;

WHEREAS on April 12, 2017, the parties entered into a Settlement Agreement resolving the Adversary Proceeding and Objection to Confirmation, the terms of which are incorporated into this Consent Order. See Settlement Agreement, attached hereto as **Exhibit "A"**;

WHEREAS on April 17, 2017, the Plaintiff and Third-Party Defendant filed a Notice of Proposed Compromise or Settlement, providing, among other things, that the Plaintiff/ Debtors give a consensual lien on the Property in the sum of $42,500.00 ("Settlement Amount") to the Defendant;

WHEREAS on May 18, 2017 the Plaintiff and Third-Party Defendant filed a Certification of No Objection;

WHEREAS the parties have determined that the Property retains substantial equity to satisfy the Settlement Amount; and

WHEREAS Notice of the Proposed Compromise or Settlement of Controversy having been

2

given on those parties required to receive service pursuant to Title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, and the District Of New Jersey Local Bankruptcy Rules, and the Court having taken notice of the parties mutual consent to this Consent Order, the Court having found cause for the entry of the within Consent Order, and the Court having further found that the entry of the within Consent Order is in the best interest of the Debtor, the Debtor's estate and its' creditors; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED** as follows:

1. The terms of the Settlement Agreement dated April 12, 2017 is authorized and incorporated by reference into this Consent Order. See **Exhibit "A"**; and

2. The automatic stay is vacated for the limited purpose to record a consensual lien in the sum of $42,500.00 on Plaintiff/Debtors real property located at 84 John Street, Saddle Brook, New Jersey, Block 1004, Lot 00010; and

3. The Defendant is authorized to record a consensual lien in the sum of $42,500.00 on Plaintiff/Debtors real property located at 84 John Street, Saddle Brook, New Jersey, Block 01004, Lot 00010; and

4. The Plaintiff/Debtors shall provide the Defendant within five (5) days of entry of this Consent Order a recent mortgage statement evidencing that the Debtor is current and maintaining the Property's monetary and insurance obligations; and

5. If the Plaintiff/Debtors fail to abide by the terms of Section 1, 1.1, or 1.2 of the Settlement Agreement, and after proper notice being given, if the Plaintiff/Debtors have not duly cured said default within thirty (30) days, the Defendant is authorized to amend the consensual lien in the sum of $5,000.00 for each month the Plaintiff/Debtors fail to make payment after the April 12, 2021 Effective Date; and

      6.      A true copy of this Order shall be served on all parties who received Notice of Proposed Compromise or Settlement within seven (7) days of the date hereof;

      7.      A certified or exemplified copy of this Consent Order shall be recorded by the Clerk or Register of Deeds with whom the original mortgage or lien was recorded.

The undersigned hereby consent to the form, content and entry of the within Order.

/s/ Leonard S. Singer
Leonard S. Singer
Zazekka & Singer, Esqs.
36 Mountain View Blvd.
Wayne, New Jersey 07470
Tel: (973) 696-1700
Fax: (973) 696-3228
Email: zsbankruptcy@gmail.com
Attorneys for Debtors, Plaintiff, and Third-Party Defendant.    Dated: October 19, 2017


/s/ Guillermo J. Gonzalez
Guillermo J. Gonzalez, Esq.
Scura, Wigfield, Heyer, Stevens & Cammarota, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel: 973-696-8391
Fax: 973-696-8571
Email:ggonzalez@scura.com
Attorney for the Defendant                              Dated: October 19, 2017

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement"), effective as of February 13, 2017 (the "Effective Date"), is entered into by and between John Delgado, Kathy A. Delgado, and Special Treats, LLC (collectively the "Plaintiff") and Russell Kelley and Karen Kelley (collectively the "Defendant"). Together and individually, the Plaintiff and Defendant may be referred to herein as "Party" or "Parties."

WHEREAS, on or about October 24, 2014 (the "Petition Date"), Plaintiff filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United State Bankruptcy Court for the District of New Jersey (the "Bankruptcy Code");

WHEREAS, on January 6, 2015, Defendant filed Proof of Claim 7-1 in the sum of $108,584.25 concerning a pre-petition personal loan delivered to the Plaintiff;

WHEREAS, the Plaintiff disputes that the monies delivered were for a personal loan, but was rather delivered as an equity investment in Special Treats, LLC;

WHEREAS, on January 22, 2016, Plaintiff filed an Adversary Complaint, Case. No. 16-01051, seeking a declaratory judgment whether monies delivered by the Defendant to the Plaintiff were classified as an equity investment or a loan transaction (the "Lawsuit");

WHEREAS, on June 7, 2016, Defendant filed an Amended Answer and Counterclaims against the Defendant;

WHEREAS, on July 7, 2016, Defendant filed an Answer to Plaintiff's Counterclaims;

WHEREAS, the Parties wish to amicably resolve the Lawsuit and all disputes and settle all the issues and claims between them, pursuant to the terms and conditions of this Settlement Agreement and Mutual Release (the "Agreement").

NOW, THEREFORE, in exchange for the promises, agreements and other good and valuable consideration, including, but not limited to that described below, the receipt and sufficiency of which hereby acknowledged, the undersigned Parties agree and covenant as follows:

1. **Settlement Payment.** Plaintiff agrees to pay to Defendant the sum of Forty-Two Thousand Five Hundred Dollars ($42,500.00) (the "Settlement Amount") in full satisfaction of any and all claims asserted between the Parties in the Lawsuit, subject to approval by the Bankruptcy Court. Payment of the Settlement Amount shall be made by Plaintiff to Defendant's counsel within four years of the Effective Date of this Agreement ("Payment Deadline"). All payments made to Defendant in accordance with the Settlement agreement, shall be made in good funds payable to Russell Kelley and Karen Kelley, c/o Scura, Wigfield, Heyer, Stevens & Cammarota LLP Attorney Trust. In the event any payment is remitted via check, and the check cannot be honored because insufficient funds are available in the account on which the instrument was drawn, Plaintiff will in default of this Agreement.

1.1 <u>Consensual Lien</u>: The Plaintiff consents to allow Defendant to record a consensual lien (the "Lien") on Plaintiff's real property located at 84 John Street, Saddle Brook, New Jersey, Block 01004, Lot 00010, (the "Principal Residence"). The Parties consent that the Lien and the debt attached thereto shall be deemed non-dischargeable, and the Lien shall be deemed unavoidable pursuant to 11 U.S.C. §§ 506, 523, 524, 544, 545, 548 of the Bankruptcy Code. Likewise, the Parties further consent that the Lien and the debt attached thereto shall be deemed non-dischargeable, and the Lien shall be unavoidable pursuant in any pre and post-bankruptcy State Court and Federal Court proceeding, including but not limited to, <u>N.J.S.A.</u> 2A:16-49.1.

1.2 <u>Sale of Principal Residence</u>: Plaintiff promises and covenants to Defendant that they shall sell the Principal Residence within four (4) years of the Effective Date of this Agreement, and further promises and covenants that they shall maintain current on their mortgage payment, insurance, and property tax obligations during the pendency of this Agreement. Prior to the sale of the Principal Residence, the Plaintiff shall provide Defendant's counsel quarterly mortgage statements evidencing that the Plaintiff is current and maintaining their Principal Residence monetary and insurance obligations, including but not limited to, property tax, insurance, and promissory note payments. Nothing in this Agreement shall disallow Plaintiff from early satisfaction of Plaintiff's obligations prior to any date specified in this Agreement.

1.3 <u>Default.</u> If the ~~Defendant~~ [Plaintiff] fails to abide by the terms of Section 1, 1.1, or 1.2 of this Agreement, than Plaintiff shall be deemed to be in default of this Agreement. If Plaintiff has not cured the default within ~~seven (7)~~ days of email notice being sent, Defendant shall be entitled to the following remedies: (1) Plaintiff consents to allow Defendant to amend the Parties' consensual lien in the sum of $5,000.00 for each month the Plaintiff fails to make payment by the Payment Deadline; and (2) Plaintiff consents to permit Defendant to enforce their rights under the Lien to foreclosure on the Principal Residence. A copy of such application shall be served on Plaintiff's attorney in the manner specified by the New Jersey Court Rules.

1.4 <u>Notice and Opportunity to Cure.</u> In the event Plaintiff fails to abide by the terms of Section 1, 1.1, or 1.2 of this Agreement, Defendant's attorney shall give written notice, via email, to Defendant's attorney providing that: (1) payment was not received or that Plaintiff has failed to abide by the terms of the Agreement; (2) stating the total amount owned, if applicable; and (3) providing seven (7) days within which Plaintiff may cure the default.

2

    1.5    Notices. Any and all notices required under this Agreement shall be sent to the following attorneys at the addresses listed below:

> Guillermo J. Gonzalez, Esq.
> Counsel to Defendant
> 1599 Hamburg Turnpike
> Wayne, New Jersey 07470
> ggonzalez@scura.com; and
>
> Leonard Signer
> Counsel to Plaintiff
> 36 Mountain View Boulevard
> Wayne, New Jersey 07470
> zsbankruptcy@gmail.com.

    2.    Stipulation for Voluntary Dismissal. Within ten (10) days of the Settlement Amount payment clearing, Plaintiff shall file a voluntary dismissal with prejudice of the Lawsuit.

    3.    Mutual General Release. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, upon the full execution of this Agreement by the Parties, and excluding therefrom any claim to enforce the terms hereof, the Parties hereby irrevocably and unconditionally release each other with respect to any and all actions, suits, causes of action, rights of action, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, preferences, claims, suits, demands, rights, damages, liquidated damages, costs, losses, fees, judgments, variances, executions, debts, obligations, attorneys' fees and liabilities of any and every kind, character, nature and/or description whatsoever, whether known or unknown, accrued or unaccrued, asserted or unasserted, arising from the Lawsuit.

    4.    Mutual Non-Disparagement. The Parties will not, directly or indirectly, make any negative or disparaging statements against each other, including maligning, ridiculing, defaming, or otherwise speaking ill of the other Party, and its business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Parties' business interests, reputation or good will) in any form (including but not limited to orally, in writing, on any social media, blogs, Internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement, the Lawsuit and the allegations regarding the released matters. Nothing in the Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing, or registering agencies.

    5.    Exceptions: The Parties understand and acknowledge that nothing in this Agreement prohibits or limits the Parties or the Parties' counsel from initiating communications directly with, responding to any inquiry from, volunteering information to, or providing testimony before any State of Federal proceeding self-regulatory organization or any other

3

governmental, law enforcement, or regulatory authority, regarding this Agreement and its underlying facts and circumstances, and the Parties are not required to advise or seek permission from each other before engaging in any such activity.

6. **No Admission.** By entering into this Agreement, the Parties do not intend to make, nor shall it be deemed that the Parties have made any admissions of any kind. The Parties agree that they are entering into this Agreement for the purpose of settling disputes and potential disputes between or relating to them and to avoid the costs of continued litigation with respect to these disputes. This Agreement is the product of informed consent and arm's length negotiations.

7. **Entire Agreement.** This Agreement contains the entire agreement of the Parties with respect to the matters it addresses and shall become effective as soon as it is signed by all Parties. This Agreement supersedes any previous communications or understandings, whether oral or written, with respect to this subject matter. The Parties represent and acknowledge that they had ample time to consult with their attorneys prior to executing this Agreement, and thus the Agreement shall not be construed against any Party. The Parties represent and acknowledge that no promises or agreements except those set forth herein have been made or relied upon, and further represent and acknowledge that in deciding to enter into this Agreement, no Party is relying on facts, legal conclusions or representations any other Party has made or omitted regarding any matter except as contained herein.

8. **Invalidity.** If any provision of this Agreement is held, for any reason, to be invalid or unenforceable by a Court or any forum of competent jurisdiction, the remainder of this Agreement shall, none the less, remain in full force and effect.

1. **Choice of Law.** This Agreement shall be deemed to be made under and shall be interpreted in accordance with the Bankruptcy Code, the Federal Bankruptcy Rules, and the laws of New Jersey. This Agreement is subject to Bankruptcy Court approval.

9. **Attorneys' Fees.** In the event of a default under Section 1, 1.1, and 1.2 of this Agreement, Defendant shall be entitled to recover their reasonable attorney's fees incurred in entering and collecting on this Agreement whether or not such entry or collection within this action or a separate action.

10. **Who is Bound.** The Parties and their respective predecessors, successors, parents, subsidiaries, affiliates, divisions, directors, officers, equity holders, members, principals, agents, assigns, representatives and employees are hereby bound by the terms of this Agreement.

11. **Authority.** All Parties hereto represent and warrant that they have the authority to enter into this Agreement and are legally bound hereby.

12. **Telefacsimile or PDF Execution.** Delivery of an executed counterpart of this Agreement by telefacsimile or PDF shall be equally as effective as delivery of a manually executed counterpart of this Agreement. Any Party delivering an executed counterpart of this Agreement by telefacsimile or PDF also shall deliver a manually executed counterpart of this

4

Agreement, but the failure to deliver a manually executed counterpart shall not affect the validity, enforceability or binding effect of this Agreement.

13. <u>Counterparts.</u> This Agreement may be executed in counterparts, each of which will be an original which together shall constitute one and the same instrument.

14. <u>Signatures.</u> The undersigned hereby acknowledge, each and every one, that they fully understand the terms of this Agreement, and enter into it freely and voluntarily, without duress or undue influence and with the benefit of counsel.

15. <u>Recitals.</u> All recitals are incorporated herein by reference as though set forth at length.

_____    Date 4-7-17
John Delgado, Plaintiff

_Kathy A. Delgado_    Date 4-7-17
Kathy A. Delgado, Plaintiff

State of __New Jersey__ )
County of __Passaic__ )

BE IT REMEMBER, that on this 7 day of April, 2017, before me, the subscriber, _Lawrence Sirel_, personally appeared __John Delgado__ and __Kathy A. Delgado__ who, I am satisfied, is the persons mentioned above, and thereupon acknowledged that they signed, sealed, and delivered the same, for the uses and purposes therein expressed.

_Russell Kelley_    4-12-17    _Lawrence S. Sirel_
Russell Kelley, Defendant    Date    Attorney at Law

_Karen Kelley_    4-12-17
Karen Kelley, Defendant    Date

State of __New Jersey__ )
County of __Passaic__ )

MARIJA PETRESKI
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50024434
MY COMMISSION EXPIRES OCT. 2, 2020

BE IT REMEMBER, that on this 12th day of April, 2017, before me, the subscriber, __Marija Petreski__, personally appeared __Russell Kelley__ and __Karen Kelley__, who, I

5

am satisfied, is the persons mentioned above, and thereupon acknowledged that they signed, sealed, and delivered the same, for the uses and purposes therein expressed.

6

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 14-31677-SLM
John Delgado                                                            Chapter 13
Kathy A. Delgado
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2            Date Rcvd: Nov 06, 2017
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 08, 2017.
db/jdb         +John Delgado,   Kathy A. Delgado,   84 John Street,   Saddle Brook, NJ 07663-5201

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 08, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 6, 2017 at the address(es) listed below:
              Andrew L. Spivack    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               nj.bkecf@fedphe.com
              Christopher J. Balala    on behalf of Creditor Russell    Kelley cbalala@scuramealey.com,
               ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              Christopher J. Balala    on behalf of Creditor Karen    Kelley cbalala@scuramealey.com,
               ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              David L. Stevens    on behalf of Creditor Russell    Kelley dstevens@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              David L. Stevens    on behalf of Creditor Karen    Kelley dstevens@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Guillermo Gonzalez    on behalf of Creditor Russell    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of 3rd Party Plaintiff Russell    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of Counter-Claimant Russell    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of Creditor Karen    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of Counter-Claimant Karen    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of 3rd Party Plaintiff Karen    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of Defendant Karen    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              Guillermo Gonzalez    on behalf of Defendant Russell    Kelley ggonzalez@scuramealey.com,
               ecfbkfilings@scuramealey.com;cbalala@scuramealey.com;ascolavino@scuramealey.com
              John J. Scura, III    on behalf of Creditor Karen    Kelley jscura@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;ascolavino@scuramealey.com;dsklar@scuramealey.com;dmedina@scura.com
              John J. Scura, III    on behalf of Creditor Russell    Kelley jscura@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;ascolavino@scuramealey.com;dsklar@scuramealey.com;dmedina@scura.com
              Leonard S. Singer    on behalf of Counter-Defendant John    Delgado zsbankruptcy@gmail.com,
               r57125@notify.bestcase.com
              Leonard S. Singer    on behalf of 3rd Pty Defendant Kathy A. Delgado zsbankruptcy@gmail.com,
               r57125@notify.bestcase.com

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Nov 06, 2017
                              Form ID: pdf903          Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Leonard S. Singer    on behalf of Plaintiff John  Delgado zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of Counter-Defendant    Special Treats, LLC zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of Counter-Defendant Kathy A. Delgado zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of Joint Debtor Kathy A. Delgado zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of 3rd Pty Defendant John  Delgado zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of Plaintiff Kathy A. Delgado zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of Debtor John  Delgado zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Leonard S. Singer    on behalf of 3rd Pty Defendant    Special Treats, LLC zsbankruptcy@gmail.com, r57125@notify.bestcase.com
          Marie-Ann  Greenberg    magecf@magtrustee.com
          Mark E. Hall    on behalf of Mediator Mark  Hall mhall@foxrothschild.com

                                                                                    TOTAL: 28